FILED IN CHAMBERS
U.S.D.C. Rome

FEB 13 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLOUGH MARKETING SERVICES,
INC.,

      Plaintiff,

    v.

THE MAIN LINE CORPORATION, NOE
SANTAMARINA, CAROLEE
SANTAMARINA, and BERGER
SINGERMAN, P.A.,

      Defendants.

CIVIL ACTION

NO. 1:07-CV-0173-RLV

O R D E R

This matter is before the court on the plaintiff's emergency motion for preliminary injunctive relief, appointment of a receiver, and expedited discovery [Doc. No. 3-1]. Also pending before the court is the defendants' motion to quash document subpoena [Doc. No. 14]. The parties appeared before the court at a hearing to consider the plaintiff's motion on February 9, 2007. For the following reasons, the plaintiff's motion is DENIED and the defendants' motion to quash is GRANTED.

The plaintiff's motion seeks injunctive relief to prevent Main Line Corporation from accessing or controlling its funds deposited in bank accounts within Georgia. The purpose of this motion is to preserve the defendants' assets and prevent the defendants from using their money for anything other than making payments according to Main Line's bankruptcy plan of reorganization and the bankruptcy court order of April 26, 2006.

A preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the

burden of persuasion as to each of the four prerequisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)(internal citations omitted). The four prerequisites for a preliminary injunction are: (1) the moving party has a substantial likelihood of success on the merits, (2) the moving party will suffer irreparable injury without an injunction, (3) the threatened injury to the movant outweighs any damage caused to the nonmoving party by the proposed injunction, and (4) the proposed injunction would not be adverse to the public interest. Seigel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Although establishing a likelihood of success on the merits is the first prerequisite to an injunction, failure to show irreparable injury alone makes granting an injunction improper. Indeed, the "showing of irreparable injury is the sine qua non of injunctive relief." Id. (internal citations omitted). In this case, the plaintiff asserts that it will be irreparably injured if the defendants are allowed control over their money because they will inevitably dispose of their assets instead of satisfying the bankruptcy judgment against them and paying the plaintiff the money it is owed. The plaintiff's argument is that because the defendants have thus far failed to comply with the bankruptcy judgment and pay the plaintiff the $522,000 that it is owed, allowing them the opportunity to dispose of other financial assets will leave the plaintiff with nothing to recover.

However, the plaintiff has not shown this court that the $122,085.19 located in Georgia is the only asset available to the

2

defendants.   Thus, it is not clear that the defendants will never be able to satisfy the bankruptcy judgment unless they are enjoined from accessing and controlling this money.  Moreover, the plaintiff has not shown how it would be in any worse position than it is now if the defendants regain access over the funds.   The bankruptcy judgment is still valid, and the defendants are still obligated to satisfy that judgment.  At best, it is speculative to conclude that enjoining the defendants' access to this money is the only way to force compliance with the bankruptcy judgment.   Therefore, this court concludes that the plaintiff has not made a sufficient showing of irreparable harm and, accordingly, a preliminary injunction is not warranted.

The plaintiff also moves this court to appoint a receiver over the defendants' Georgia assets.  The plaintiff asserts that this court has inherent powers of equity to appoint a receiver and preserve the defendants' assets for adjudication of the plaintiff's claims.  While the plaintiff grounds its assertion upon Georgia state law, this court's power to appoint a receiver in a diversity action is based solely on federal law.  Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp., 153 F.3d 1289, 1292 (11th Cir. 1998). Appointing a receiver, however, is an extraordinary remedy and, although no precise formula exists for determining when a court should resort to appointing a receiver, several factors should be considered: (1) whether fraudulent activity has or will occur, (2) the validity of the claim, (3) the danger that property will be lost or diminished in value, (4) inadequacy of legal remedies, (5)

availability of less severe equitable remedy, and (6) the probability that a receiver may do more harm than good. <u>See</u> <u>Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.</u>, 999 F.2d 314, 316-17 (8th Cir. 1993); <u>See</u> <u>also</u> <u>Bookout v. Atlas Financial Corp.</u>, 395 F.Supp. 1338, 1341 (N.D. Ga. 1974), <u>aff'd</u>, 514 F.2d 757 (5th Cir. 1975).

The plaintiff argues that the defendants have committed fraud by representing to the bankruptcy court that a separate account had been established for the money owed to the plaintiffs. Moreover, the plaintiff asserts that absent this court's interdiction, the defendants will dispose of their Georgia assets and then claim that they are unable to comply with the bankruptcy order. However, this court concludes that it is at best speculative as to whether appointing a receiver over the defendants' Georgia assets is the only way to prevent fraudulent activity or preserve the defendants' assets. Additionally, this court notes that the essence of the plaintiff's claim is a state law claim for breach of contract based on the bankruptcy settlement agreement. To the extent that failure to comply with a bankruptcy court order gives rise to a claim in that court, there may also be another avenue of redress. Nevertheless, because the plaintiff essentially asserts a state law cause of action, this court concludes that adequate legal remedies are available. Consequently, appointing a receiver over the defendants' Georgia assets is not warranted.

The plaintiff also moves this court to expedite discovery. However, because this court has concluded that the plaintiff has

4

not sufficiently shown that such measures will prevent dissipation of the defendants' assets, expedited discovery is not appropriate at this stage of the proceedings.

The defendants have submitted a motion to quash the plaintiff's document subpoena, which demanded production of certain documents for the hearing conducted on February 9, 2007. Because the plaintiff's subpoena allowed the defendants only one day to comply, it did not allow a reasonable time for compliance. FED. R. CIV. P. 45(c)(3)(A)("[T]he court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance.") Providing such little time for compliance is not reasonable and, therefore, the subpoena is quashed.

CONCLUSION

For the foregoing reasons, the plaintiff's motion for preliminary injunctive relief, appointment of a receiver, and expedited discovery [Doc. No. 3-1] is DENIED. The defendants' motion to quash document subpoena [Doc. No. 14] is GRANTED.


SO ORDERED, this _13th_ day of February, 2007.


ROBERT L. VINING, JR.
Senior United States District Judge

5